UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL RIDEAUX, )
)
    Plaintiff, ) Case No. C05-2100-RSL-JPD
)
v. )
)
REED HOLTGEERTS, *et al.*, ) REPORT AND RECOMMENDATION
)
    Defendants. )
_____ )

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff Michael Rideaux has filed a document entitled "Motion for Order of Protection." A review of this document suggests that plaintiff intends to seek preliminary injunctive relief. Accordingly, this Court construes plaintiff's pending motion as a motion for preliminary injunctive relief under Fed. R. Civ. P. 65(a). Defendants have filed a response in opposition to plaintiff's motion, and plaintiff has filed a reply brief in support of his motion.[1] In addition, the parties, at the Court's direction, have submitted supplemental

---

[1] Plaintiff filed a document entitled "Motion to Readdress Motion for Protection Order/Preliminary Injunction" on May 3, 2006. The Court construes that documents as plaintiff's reply brief at is it appears to address defendants' response to his motion for preliminary injunctive relief.

REPORT AND RECOMMENDATION
PAGE - 1

briefs addressing certain issues raised in plaintiff's motion papers.  This Court, having reviewed plaintiff's motion, the briefs of the parties, and the balance of the record, concludes that plaintiff's motion for preliminary injunctive relief should be denied.

## DISCUSSION

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits.  *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking a preliminary injunction must fulfill one of two standards, the "traditional" or the "alternative."  *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).

The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)).  To obtain injunctive relief under either standard the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention.  *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).  Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief.  *Id*.  Rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id*. (emphasis in original).

Plaintiff is a pre-trial detainee at the King County Correctional Facility, Regional Justice Center ("RJC") in Kent, Washington.  In his complaint, filed in December 2005, plaintiff challenges RJC classification policies as well as the restrictions placed upon him as a result of his confinement in the administrative segregation unit at the RJC.

REPORT AND RECOMMENDATION
PAGE - 2

In his motion for preliminary injunctive relief, plaintiff asserts that defendants, together with RJC Law Librarian Merry Titus, have acted to deny him adequate access to the courts. Specifically, plaintiff complains that Ms. Titus has consistently refused his requests for copies necessary to litigate this case. Of particular concern appear to be requests for copies of declarations which had been rejected. However, plaintiff also references his inability to obtain copies of "other stuff" such as policies. Plaintiff contends that he cannot fairly or adequately prepare his case with this ongoing interference with his right of access.

In their response to plaintiff's motion for preliminary injunctive relief, defendants argued that plaintiff had failed to plead sufficient facts to demonstrate that there exists a significant threat of irreparable injury. Defendants noted that plaintiff had filed a motion for summary judgment on the same date he filed the instant motion, and that his motion for summary judgment included exhibits which consisted of copies of legal authority, jail policies, and declarations. Defendants suggested that plaintiff's ability to submit such a motion, supported by extensive exhibits, demonstrated that the legal access system at the RJC was working for him and that he had not suffered any injury to his right of access. Defendants also noted that plaintiff had not provided any written proof to support his accusations that his copy work had been refused.

Plaintiff, in his reply brief, acknowledged that he had received some copy work from defendants, but argued that defendants should not be permitted to decide which declarations, or how many declarations, could be used against him. Plaintiff also asserted that while he had proof of his accusation that his copy work had been refused, he was unable to submit it because he could not obtain the copies necessary to provide the proof to the court and also comply with the court rules requiring that copies of all court papers be sent to defendants.

After reviewing the parties' motion papers, this Court concluded that plaintiff had not shown irreparable injury. The Court was concerned, however, that plaintiff may have been precluded from making the requisite showing as a result of his alleged inability to obtain necessary copies. The Court therefore issued an order directing the parties to submit supplemental briefs. In that Order,

plaintiff was specifically directed to provide detailed information regarding the documents which he was contending defendants had refused to copy, and defendants were directed to file a response to plaintiff's supplemental brief explaining why they should not be required to provide copies of those documents.

In his supplemental brief, plaintiff makes specific reference to only three declarations. Those declarations were attached as exhibits to the brief. With respect to those declarations, defendants concede that they initially refused to copy them because they did not appear to comply with institutional rules, but they assert that they subsequently made the copies after another inmate, Tony Penwell, explained what the declarations were. Plaintiff claims that defendants did not, in fact, make the copies and that he actually obtained the copies from an outside source through Mr. Penwell. Regardless of how the copies were obtained, plaintiff is now apparently in possession of the copies he claimed were necessary for him to adequately prepare his case. If there are additional declarations or other materials in dispute, plaintiff has not provided sufficient identifying information for either the Court or defendants to respond to his concerns.[2]

The record before this Court simply does not support the conclusion that plaintiff will suffer irreparable harm absent the requested judicial intervention. Broad allegations regarding deficiencies in the legal access system at the RJC are not sufficient to demonstrate irreparable harm and, at this juncture, plaintiff has provided no evidence that defendants' initial refusal to copy declarations necessary to the litigation of this action have caused any irreparable harm.

---

[2] The Court notes that much of the argument presented in plaintiff's supplemental brief, and many of the exhibits which are apparently intended to constitute proof of the irreparable harm plaintiff is suffering, do not directly concern either plaintiff or this case. Instead, the brief and supporting documents appear to emphasize the difficulties that inmate Penwell has experienced with the legal access scheme at the RJC rather than plaintiff's own alleged difficulties.

REPORT AND RECOMMENDATION
PAGE - 4


Case 2:05-cv-02100-RSL    Document 36    Filed 09/01/06    Page 5 of 5

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's motion for preliminary injunctive relief be denied. A proposed order accompanies this Report and Recommendation.

DATED this 1st day of September, 2006.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5