UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL RIDEAUX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REED HOLTGEERTS, *et al.*,<br><br>　　　　Defendants. | Case No. C05-2100-RSL-JPD<br><br>ORDER DIRECTING SUPPLEMENTAL<br>BRIEFING ON CROSS-MOTIONS<br>FOR SUMMARY JUDGMENT |

This is a *pro se* civil rights action under 42 U.S.C. § 1983. Currently pending before this Court are the parties' cross-motions for summary judgment. The Court has carefully reviewed the pending motions and, based upon that review, concludes that there is a need for supplemental briefing in this matter.

Plaintiff asserts in his complaint that because of classification policies at the King County Regional Justice Center ("RJC"), protective custody inmates, such as himself, are forced to live in the administrative segregation unit of the RJC with inmates who are housed there for behavioral or disciplinary reasons. Plaintiff contends that because of this intermixing of various classifications of inmates, protective custody inmates are forced to live in isolation and are subjected to "punishment" rules. Plaintiff cites to a number of specific disabilities associated with his placement in the administrative segregation unit.

ORDER DIRECTING SUPPLEMENTAL
BRIEFING ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 1

Defendants, in response to plaintiff's allegations regarding the restrictions and conditions he is subject to in the administrative segregation housing unit, argue that plaintiff cannot sustain a claim under the Fourteenth Amendment because he has not been deprived of any necessities as a result of his confinement in that unit. This, however, is not the applicable standard. As explained by the Ninth Circuit in *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004), "[t]he Fourteenth Amendment requires the government to do more than provide the minimal civilized measure of life's necessities for non-convicted detainees. Rather, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Id*. at 931 (internal quotations and citations omitted).

At a bare minimum, a pretrial detainee cannot be subjected to conditions that "amount to punishment." *Id*. at 932 (quoting *Bell v. Wolfish*, 441 U.S. 520, 536 (1979)). The Ninth Circuit has recognized, in accordance with *Bell*, that the test to be applied in determining whether particular restrictions and conditions imposed as a result of pretrial detention amount to punishment in the constitutional sense is whether there was an express intent to punish, or "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Demery v.* Arpaio, 378 F.3d 1090 (9th Cir. 2004) (citing *Bell*, 441 U.S. at 538).

Because plaintiff is a pretrial detainee, and because he alleges that he is subject to conditions in protective custody which essentially amount to punishment, the Court deems it appropriate to obtain additional briefing from the parties which addresses plaintiff's claims under the proper standard. Accordingly, the Court does hereby ORDER as follows:

(1) Defendants shall file and serve, not later than *April 9, 2007*, a supplement to their response to plaintiff's motion for summary judgment and cross-motion for summary judgment in which they address plaintiff's claims under the standard applicable to claims of a pre-trial detainee.

ORDER DIRECTING SUPPLEMENTAL
BRIEFING ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 2

1  Defendants' supplemental brief should, of course, be accompanied by any evidence necessary to
2  support their arguments.
3      (2)    Plaintiff may file and serve a supplemental response/reply brief not later than ***April 12,***
4  ***2007***. Plaintiff's supplemental brief shall be limited to only those issues argued by defendants in their
5  supplemental brief.
6      (3)    The parties' motions for summary judgment (Dkt. Nos. 17 and 27) are RE-NOTED on
7  the Court's calendar for consideration on ***April 13, 2007***.
8      (4)    The Clerk is directed to send copies of this Order to plaintiff, to counsel for
9  defendants, and to the Honorable Robert S. Lasnik.
10     DATED this 22nd day of March, 2007.

*/s/ James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DIRECTING SUPPLEMENTAL
BRIEFING ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 3